**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| **JULIAN AVILA, FABIAN GARCIA,** | : | |
| **JHOAN MONSALVE, JEFFREY** | : | |
| **MORALES, ORLANDO RAMOS,** | : | |
| **GABRIEL ROSSI, JUAN URIBE,** | : | **Civil Action Number:** |
| **DOMINIC WILLIAMS, and** | : | |
| **REGINALD WILLIAMS** | : | Jury Trial Demanded |
| Plaintiffs, | : | |
| | : | |
| | : | |
| **vs.** | : | |
| **LITTER CONTROL, INC. and** | : | |
| **JESSE W. BURKE, III** | : | |
| Defendants. | : | |
| | : | |

**COMPLAINT**

Plaintiffs, by and through the undersigned counsel, brings this complaint against

Defendants and plead as follows:

**INTRODUCTION**

1.

Plaintiffs bring this action under the Fair Labor Standards Act of 1938 (as

amended) (29 U.S.C. § 201 et.seq.), herein after "the FLSA". Plaintiffs bring this action

under the FLSA to (1) receive the minimum wage for work weeks in which the employer

failed to pay him and an additional like amount as liquidated damages; (2) recover the

overtime pay that was denied them and an additional amount as liquidated damages; and (3) for their costs of litigation, including their reasonable attorneys' fees.

2.

In addition to their federal causes of action, Plaintiffs assert pendent state law claims which arise out of the same set of operating facts as his federal claims. These are (1) breach of contract, (2) quantum meruit and (3) promissory estoppel.

**JURISDICTION AND VENUE**

3.

This Court has subject matter jurisdiction over the present action under Article III, § 2 of the United States Constitution, FLSA §16(b), 29 U.S.C. § 216(b), 28 U.S.C §§ 1331 and 1337, because this case arises under the FLSA, a federal statute that affects interstate commerce.

4.

This Court has supplemental jurisdiction over Plaintiffs' state law claims set forth herein arising under Georgia law in accord with 28 U.S.C. §1367 because the state law claims are so related to the federal claims that they form part of the same case or controversy.

5.

Venue properly lies in the Northern District of Georgia under 28 U.S.C. § 1391 because Defendant  Litter Control, Inc.,  is located in this judicial district; and all the events giving rise to the claims herein arose in this judicial district.

## THE PARTIES

6.

Litter Control, Inc. employed Plaintiffs in the furtherance of its commercial business in and around Lawrenceville, Georgia, in 2011.

7.

Jesse W. Burke, III employed Plaintiffs in the furtherance of his commercial business in and around Lawrenceville, Georgia, in 2011.

8.

Litter Control, Inc. is a corporation organized under the laws of the State of Georgia.

9.

At all times material hereto, Defendant Litter Control, Inc. has been an "employer" as defined in FLSA § 3(d), 29 U.S.C. §203(d).

10.

For all time relevant hereto, Defendant Litter Control, Inc. has been "engaged in commerce" as defined in 1) FLSA, § 6(a), 29 U.S.C. § 206 (a) and 2) FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

11.

At all times material hereto, Defendant Litter Control, Inc. has been an "enterprise engaged in commerce" as defined in FLSA § 3(s)(1)(A), 29 U.S.C. § 203(s)(1)(A).

12.

Defendant Litter Control, Inc. is subject to the personal jurisdiction of this Court.

13.

Defendant Litter Control, Inc. may be served with process through is registered agent R. Douglas Lenhardt, 220 College Ave, Suite 606, Athens, Georgia 30606.

14.

Defendant Jesse W. Burke, III (hereafter "Defendant Burke") resides within Gwinnett County Georgia.

15.

At all times material hereto, Defendant Burke has been an "employer" as defined in FLSA § 3(d), 29 U.S.C. § 203(d).

16.

Defendant Jesse W. Burke, III is subject to the personal jurisdiction of this Court.

*Claims of Julian Avila*

17.

From on or about 2/28/2011 until 3/25/2011, Plaintiff Julian Avila was an "employee" as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

18.

From on or about 2/28/2011 until 3/25/2011 Plaintiff Julian Avila has been "engaged in commerce" as defined in 1) (FLSA, § 6(a), 29 U.S.C. § 206 (a) and 2) FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

## COUNT 1 — FAILURE TO PAY MINIMUM WAGE AGAINST ALL DEFENDANTS

19.

The allegations in all previous paragraphs above are incorporated by reference as if fully set out in this paragraph.

20.

At all times material hereto, Julian Avila has been an employee covered by the FLSA and entitled to the minimum wage protections set forth in FLSA § 6(a), 29 U.S.C. § 206(a).

21.

From on or about 2/28/2011 until 3/25/2011, Defendants failed to compensate Plaintiff at an hourly rate above or equal to the minimum wage as established in accordance with the FLSA.

22.

From on or about 2/28/2011 until 3/25/2011, Defendants willfully failed to compensate Plaintiff Avila at an hourly rate above or equal to the minimum wage as established in accordance with the FLSA.

23.

Plaintiff Avila is entitled to payment of minimum wages in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

24.

As a result of the underpayment of minimum wages as alleged above, Plaintiff Avila is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

25.

As a result of the underpayment of minimum wages, Plaintiff Avila is entitled to his litigation costs, including his reasonable attorney's fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

## COUNT 2 — FAILURE TO PAY OVERTIME
## AGAINST ALL DEFENDANTS

26.

The allegations in all previous paragraphs above are incorporated by reference as if fully set out in this paragraph.

27.

At all times material hereto, Julian Avila has been an employee covered by the FLSA and entitled to the overtime protections set forth in FLSA § 7(a), 29 U.S.C. § 207(a).

28.

During his employment with Defendants, Julian Avila regularly worked in excess of forty (40) hours each week.

29.

Defendants failed to pay Julian Avila at one and one half times his regular rate for work in excess of forty (40) hours in any week from 2/28/2011 until 3/25/2011.

30.

Defendants have willfully failed to pay Julian Avila at one and one half times his regular rate for work in excess of forty (40) hours in any week from 2/28/2011 until 3/25/2011.

31.

Plaintiff Avila is entitled to payment of overtime in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

32.

As a result of the underpayment of overtime compensation as alleged above, Plaintiff Avila is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

33.

As a result of the underpayment of overtime compensation as alleged above, Plaintiff Avila is entitled to his litigation costs, including his reasonable attorney's fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

## COUNT 3 – BREACH OF CONTRACT
## AGAINST DEFENDANT LITTER CONTROL, INC.

34.

The allegations contained in Paragraphs above are incorporated by reference as if fully set out in this Paragraph.

35.

Julian Avila and Defendant Litter Control, Inc. were parties to a contract of employment (hereafter "the Contract") from on or about 2/28/2011 until 3/25/2011.

36.

The Contract provided that Defendant would pay Plaintiff Avila for work that was performed by Plaintiff on behalf of and for the benefit of Defendant.

37.

Defendant's failure to pay Plaintiff Avila for work performed from on or about 2/28/2011 until 3/25/2011 constitutes a material breach of the Contract.

38.

As the direct and foreseeable result of this breach, Plaintiff Avila has sustained and continues to sustain damages in an amount to be proved at trial including attorney's fees and costs under O.C.G.A. § 13-6-11 in that Defendant has acted with bad faith and has been stubbornly litigious by forcing Plaintiff to bring this claim for wages that are, without doubt, due and owing.

## COUNT 4 – QUANTUM MERUIT
## AGAINST DEFENDANT LITTER CONTROL, INC.

39.

The allegations contained in Paragraphs above are incorporated by reference as if fully set out in this Paragraph.

40.

From on or about 2/28/2011 until 3/25/2011, Plaintiff Julian Avila served as a laborer in furtherance of Defendant's business interests.

41.

Plaintiff's service as a laborer in furtherance of Defendant's business interests was valuable to Defendant.

42.

Plaintiff Avila expected to be compensated at the time he provided his services to Defendant.

43.

Defendant requested Plaintiff's services as a laborer in furtherance of Defendant's business interests.

44.

Defendant knowingly accepted Plaintiff's services as a laborer in furtherance of Defendant's business interest.

45.

The receipt of Plaintiff's services as a laborer in the furtherance of Defendant's business interests without compensation would be unjust.

46.

Plaintiff Avila is entitled to a recover from Defendant the reasonable value of the services he provided in the furtherance of Defendant's business interest in an amount to be determined at trial.

## COUNT 5 - PROMISSORY ESTOPPEL
## AGAINST DEFENDANT LITTER CONTROL, INC.

47.

The allegations contained in Paragraphs above are incorporated by reference as if fully set out in this Paragraph.

48.

On or about 2/28/2011 Defendant promised to pay Plaintiff Julian Avila in return for Plaintiff's services.

49.

Defendant should have reasonably expected that Plaintiff Avila would act in reliance of said promise, i.e., serve in the furtherance of Defendant's business interests.

50.

Defendant's promise induced Plaintiff Avila to act in reliance thereof, i.e., to serve in furtherance of Defendant's business interests, to his detriment.

51.

Plaintiff's service in furtherance of Defendant's business interests conferred a benefit on Defendant.

52.

Defendant failed to pay Plaintiff Avila in accordance with its promise.

53.

Plaintiff Avila relied on Defendant's promise.

54.

Plaintiff's reliance on Defendant's promise was reasonable.

55.

Justice can only be avoided by enforcement of Defendant's promise.

56.

Plaintiff Avila is entitled to a recover from Defendant the reasonable value of the services he provided in furtherance of Defendant's business interest, in an amount to be determined at trial.

### *Claims of Fabian Garcia*

57.

From on or about 2/26/2011 until 3/26/2011, Plaintiff Fabian Garcia was an "employee" as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

58.

From on or about 2/26/2011 until 3/26/2011 Plaintiff Fabian Garcia has been "engaged in commerce" as defined in 1) (FLSA, § 6(a), 29 U.S.C. § 206 (a) and 2) FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

## COUNT 6 — FAILURE TO PAY MINIMUM WAGE
## AGAINST ALL DEFENDANTS

### 59.

The allegations in all previous paragraphs above are incorporated by reference as if fully set out in this paragraph.

### 60.

At all times material hereto, Fabian Garcia has been an employee covered by the FLSA and entitled to the minimum wage protections set forth in FLSA § 6(a), 29 U.S.C. § 206(a).

### 61.

From on or about 2/26/2011 until 3/26/2011, Defendants failed to compensate Plaintiff at an hourly rate above or equal to the minimum wage as established in accordance with the FLSA.

### 62.

From on or about 2/26/2011 until 3/26/2011, Defendants willfully failed to compensate Plaintiff Garcia at an hourly rate above or equal to the minimum wage as established in accordance with the FLSA.

### 63.

Plaintiff Garcia is entitled to payment of minimum wages in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

64.

As a result of the underpayment of minimum wages as alleged above, Plaintiff Garcia is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

65.

As a result of the underpayment of minimum wages, Plaintiff Garcia is entitled to his litigation costs, including his reasonable attorney's fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

## COUNT 7 — FAILURE TO PAY OVERTIME
## AGAINST ALL DEFENDANTS

66.

The allegations in all previous paragraphs above are incorporated by reference as if fully set out in this paragraph.

67.

At all times material hereto, Fabian Garcia has been an employee covered by the FLSA and entitled to the overtime protections set forth in FLSA § 7(a), 29 U.S.C. § 207(a).

68.

During his employment with Defendants, Fabian Garcia regularly worked in excess of forty (40) hours each week.

69.

Defendants failed to pay Fabian Garcia at one and one half times his regular rate for work in excess of forty (40) hours in any week from 2/26/2011 until 3/26/2011.

70.

Defendants have willfully failed to pay Fabian Garcia at one and one half times his regular rate for work in excess of forty (40) hours in any week from 2/26/2011 until 3/26/2011.

71.

Plaintiff Garcia is entitled to payment of overtime in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

72.

As a result of the underpayment of overtime compensation as alleged above, Plaintiff Garcia is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

73.

As a result of the underpayment of overtime compensation as alleged above, Plaintiff Garcia is entitled to his litigation costs, including his reasonable attorney's fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

## COUNT 8 – BREACH OF CONTRACT
## AGAINST DEFENDANT LITTER CONTROL, INC.

### 74.

The allegations contained in Paragraphs above are incorporated by reference as if fully set out in this Paragraph.

### 75.

Fabian Garcia and Defendant Litter Control, Inc. were parties to a contract of employment (hereafter "the Contract") from on or about 2/26/2011 until 3/26/2011.

### 76.

The Contract provided that Defendant would pay Plaintiff Garcia for work that was performed by Plaintiff on behalf of and for the benefit of Defendant.

### 77.

Defendant's failure to pay Plaintiff Garcia for work performed from on or about 2/26/2011 until 3/26/2011 constitutes a material breach of the Contract.

### 78.

As the direct and foreseeable result of this breach, Plaintiff Garcia has sustained and continues to sustain damages in an amount to be proved at trial including attorney's fees and costs under O.C.G.A. § 13-6-11 in that Defendant has acted with bad faith and

has been stubbornly litigious by forcing Plaintiff to bring this claim for wages that are, without doubt, due and owing.

## COUNT 9 – QUANTUM MERUIT
## AGAINST DEFENDANT LITTER CONTROL, INC.

79.

The allegations contained in Paragraphs above are incorporated by reference as if fully set out in this Paragraph.

80.

From on or about 2/26/2011 until 3/26/2011, Plaintiff Fabian Garcia served as a laborer in furtherance of Defendant's business interests.

81.

Plaintiff's service as a laborer in furtherance of Defendant's business interests was valuable to Defendant.

82.

Plaintiff Garcia expected to be compensated at the time he provided his services to Defendant.

83.

Defendant requested Plaintiff's services as a laborer in furtherance of Defendant's business interests.

84.

Defendant knowingly accepted Plaintiff's services as a laborer in furtherance of Defendant's business interest.

85.

The receipt of Plaintiff's services as a laborer in the furtherance of Defendant's business interests without compensation would be unjust.

86.

Plaintiff Garcia is entitled to a recover from Defendant the reasonable value of the services he provided in the furtherance of Defendant's business interest in an amount to be determined at trial.

**COUNT 10 - PROMISSORY ESTOPPEL
AGAINST DEFENDANT LITTER CONTROL, INC.**

87.

The allegations contained in Paragraphs above are incorporated by reference as if fully set out in this Paragraph.

88.

On or about 2/26/2011 Defendant promised to pay Plaintiff Fabian Garcia in return for Plaintiff's services.

89.

Defendant should have reasonably expected that Plaintiff Garcia would act in reliance of said promise, i.e., serve in the furtherance of Defendant's business interests.

90.

Defendant's promise induced Plaintiff Garcia to act in reliance thereof, i.e., to serve in furtherance of Defendant's business interests, to his detriment.

91.

Plaintiff's service in furtherance of Defendant's business interests conferred a benefit on Defendant.

92.

Defendant failed to pay Plaintiff Garcia in accordance with its promise.

93.

Plaintiff Garcia relied on Defendant's promise.

94.

Plaintiff's reliance on Defendant's promise was reasonable.

95.

Justice can only be avoided by enforcement of Defendant's promise.

96.

Plaintiff Garcia is entitled to a recover from Defendant the reasonable value of the services he provided in furtherance of Defendant's business interest, in an amount to be determined at trial.

### *Claims of Jhoan Monsalve*

97.

From on or about 2/6/2011 until 3/25/2011, Plaintiff Jhoan Monsalve was an "employee" as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

98.

From on or about 2/6/2011 until 3/25/2011 Plaintiff Jhoan Monsalve has been "engaged in commerce" as defined in 1) (FLSA, § 6(a), 29 U.S.C. § 206 (a) and 2) FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

### COUNT 11 — FAILURE TO PAY MINIMUM WAGE
### AGAINST ALL DEFENDANTS

99.

The allegations in all previous paragraphs above are incorporated by reference as if fully set out in this paragraph.

100.

At all times material hereto, Jhoan Monsalve has been an employee covered by the FLSA and entitled to the minimum wage protections set forth in FLSA § 6(a), 29 U.S.C. § 206(a).

101.

From on or about 2/6/2011 until 3/25/2011, Defendants failed to compensate Plaintiff at an hourly rate above or equal to the minimum wage as established in accordance with the FLSA.

102.

From on or about 2/6/2011 until 3/25/2011, Defendants willfully failed to compensate Plaintiff Monsalve at an hourly rate above or equal to the minimum wage as established in accordance with the FLSA.

103.

Plaintiff Monsalve is entitled to payment of minimum wages in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

104.

As a result of the underpayment of minimum wages as alleged above, Plaintiff Monsalve is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

105.

As a result of the underpayment of minimum wages, Plaintiff Monsalve is entitled to his litigation costs, including his reasonable attorney's fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

## COUNT 12 — FAILURE TO PAY OVERTIME
## AGAINST ALL DEFENDANTS

106.

The allegations in all previous paragraphs above are incorporated by reference as if fully set out in this paragraph.

107.

At all times material hereto, Jhoan Monsalve has been an employee covered by the FLSA and entitled to the overtime protections set forth in FLSA § 7(a), 29 U.S.C. § 207(a).

108.

During his employment with Defendants, Jhoan Monsalve regularly worked in excess of forty (40) hours each week.

109.

Defendants failed to pay Jhoan Monsalve at one and one half times his regular rate for work in excess of forty (40) hours in any week from 2/6/2011 until 3/25/2011.

110.

Defendants have willfully failed to pay Jhoan Monsalve at one and one half times his regular rate for work in excess of forty (40) hours in any week from 2/6/2011 until 3/25/2011.

111.

Plaintiff Monsalve is entitled to payment of overtime in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

112.

As a result of the underpayment of overtime compensation as alleged above, Plaintiff Monsalve is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

113.

As a result of the underpayment of overtime compensation as alleged above, Plaintiff Monsalve is entitled to his litigation costs, including his reasonable attorney's fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

**COUNT 13 – BREACH OF CONTRACT
AGAINST DEFENDANT LITTER CONTROL, INC.**

114.

The allegations contained in Paragraphs above are incorporated by reference as if fully set out in this Paragraph.

115.

Jhoan Monsalve and Defendant Litter Control, Inc. were parties to a contract of employment (hereafter "the Contract") from on or about 2/6/2011 until 3/25/2011.

116.

The Contract provided that Defendant would pay Plaintiff Monsalve for work that was performed by Plaintiff on behalf of and for the benefit of Defendant.

117.

Defendant's failure to pay Plaintiff Monsalve for work performed from on or about 2/6/2011 until 3/25/2011 constitutes a material breach of the Contract.

118.

As the direct and foreseeable result of this breach, Plaintiff Monsalve has sustained and continues to sustain damages in an amount to be proved at trial including attorney's fees and costs under O.C.G.A. § 13-6-11 in that Defendant has acted with bad faith and has been stubbornly litigious by forcing Plaintiff to bring this claim for wages that are, without doubt, due and owing.

**COUNT 14 – QUANTUM MERUIT**
**AGAINST DEFENDANT LITTER CONTROL, INC.**

119.

The allegations contained in Paragraphs above are incorporated by reference as if fully set out in this Paragraph.

120.

From on or about 2/6/2011 until 3/25/2011, Plaintiff Jhoan Monsalve served as a laborer in furtherance of Defendant's business interests.

121.

Plaintiff's service as a laborer in furtherance of Defendant's business interests was valuable to Defendant.

122.

Plaintiff Monsalve expected to be compensated at the time he provided his services to Defendant.

123.

Defendant requested Plaintiff's services as a laborer in furtherance of Defendant's business interests.

124.

Defendant knowingly accepted Plaintiff's services as a laborer in furtherance of Defendant's business interest.

125.

The receipt of Plaintiff's services as a laborer in the furtherance of Defendant's business interests without compensation would be unjust.

126.

Plaintiff Monsalve is entitled to a recover from Defendant the reasonable value of the services he provided in the furtherance of Defendant's business interest in an amount to be determined at trial.

## COUNT 15 - PROMISSORY ESTOPPEL
## AGAINST DEFENDANT LITTER CONTROL, INC.

127.

The allegations contained in Paragraphs above are incorporated by reference as if fully set out in this Paragraph.

128.

On or about 2/6/2011 Defendant promised to pay Plaintiff Jhoan Monsalve in return for Plaintiff's services.

129.

Defendant should have reasonably expected that Plaintiff Monsalve would act in reliance of said promise, i.e., serve in the furtherance of Defendant's business interests.

130.

Defendant's promise induced Plaintiff Monsalve to act in reliance thereof, i.e., to serve in furtherance of Defendant's business interests, to his detriment.

131.

Plaintiff's service in furtherance of Defendant's business interests conferred a benefit on Defendant.

132.

Defendant failed to pay Plaintiff Monsalve in accordance with its promise.

133.

Plaintiff Monsalve relied on Defendant's promise.

134.

Plaintiff's reliance on Defendant's promise was reasonable.

135.

Justice can only be avoided by enforcement of Defendant's promise.

136.

Plaintiff Monsalve is entitled to a recover from Defendant the reasonable value of the services he provided in furtherance of Defendant's business interest, in an amount to be determined at trial.

***Claims of Jeffrey Morales***

137.

From on or about 3/9/2011 until 3/25/2011, Plaintiff Jeffrey Morales was an "employee" as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

138.

From on or about 3/9/2011 until 3/25/2011 Plaintiff Jeffrey Morales has been "engaged in commerce" as defined in 1) (FLSA, § 6(a), 29 U.S.C. § 206 (a) and 2) FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

## COUNT 16 — FAILURE TO PAY MINIMUM WAGE AGAINST ALL DEFENDANTS

139.

The allegations in all previous paragraphs above are incorporated by reference as if fully set out in this paragraph.

140.

At all times material hereto, Jeffrey Morales has been an employee covered by the FLSA and entitled to the minimum wage protections set forth in FLSA § 6(a), 29 U.S.C. § 206(a).

141.

From on or about 3/9/2011 until 3/25/2011, Defendants failed to compensate Plaintiff at an hourly rate above or equal to the minimum wage as established in accordance with the FLSA.

142.

From on or about 3/9/2011 until 3/25/2011, Defendants willfully failed to compensate Plaintiff Morales at an hourly rate above or equal to the minimum wage as established in accordance with the FLSA.

143.

Plaintiff Morales is entitled to payment of minimum wages in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

144.

As a result of the underpayment of minimum wages as alleged above, Plaintiff Morales is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

145.

As a result of the underpayment of minimum wages, Plaintiff Morales is entitled to his litigation costs, including his reasonable attorney's fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

## COUNT 17 — FAILURE TO PAY OVERTIME
## AGAINST ALL DEFENDANTS

146.

The allegations in all previous paragraphs above are incorporated by reference as if fully set out in this paragraph.

147.

At all times material hereto, Jeffrey Morales has been an employee covered by the FLSA and entitled to the overtime protections set forth in FLSA § 7(a), 29 U.S.C. § 207(a).

148.

During his employment with Defendants, Jeffrey Morales regularly worked in excess of forty (40) hours each week.

149.

Defendants failed to pay Jeffrey Morales at one and one half times his regular rate for work in excess of forty (40) hours in any week from 3/9/2011 until 3/25/2011.

150.

Defendants have willfully failed to pay Jeffrey Morales at one and one half times his regular rate for work in excess of forty (40) hours in any week from 3/9/2011 until 3/25/2011.

151.

Plaintiff Morales is entitled to payment of overtime in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

152.

As a result of the underpayment of overtime compensation as alleged above, Plaintiff Morales is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

153.

As a result of the underpayment of overtime compensation as alleged above, Plaintiff Morales is entitled to his litigation costs, including his reasonable attorney's fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

**COUNT 18 – BREACH OF CONTRACT
AGAINST DEFENDANT LITTER CONTROL, INC.**

154.

The allegations contained in Paragraphs above are incorporated by reference as if fully set out in this Paragraph.

155.

Jeffrey Morales and Defendant Litter Control, Inc. were parties to a contract of employment (hereafter "the Contract") from on or about 3/9/2011 until 3/25/2011.

156.

The Contract provided that Defendant would pay Plaintiff Morales for work that was performed by Plaintiff on behalf of and for the benefit of Defendant.

157.

Defendant's failure to pay Plaintiff Morales for work performed from on or about 3/9/2011 until 3/25/2011 constitutes a material breach of the Contract.

158.

As the direct and foreseeable result of this breach, Plaintiff Morales has sustained and continues to sustain damages in an amount to be proved at trial including attorney's fees and costs under O.C.G.A. § 13-6-11 in that Defendant has acted with bad faith and has been stubbornly litigious by forcing Plaintiff to bring this claim for wages that are, without doubt, due and owing.

## COUNT 19 – QUANTUM MERUIT
## AGAINST DEFENDANT LITTER CONTROL, INC.

159.

The allegations contained in Paragraphs above are incorporated by reference as if fully set out in this Paragraph.

160.

From on or about 3/9/2011 until 3/25/2011, Plaintiff Jeffrey Morales served as a laborer in furtherance of Defendant's business interests.

161.

Plaintiff's service as a laborer in furtherance of Defendant's business interests was valuable to Defendant.

162.

Plaintiff Morales expected to be compensated at the time he provided his services to Defendant.

163.

Defendant requested Plaintiff's services as a laborer in furtherance of Defendant's business interests.

164.

Defendant knowingly accepted Plaintiff's services as a laborer in furtherance of Defendant's business interest.

165.

The receipt of Plaintiff's services as a laborer in the furtherance of Defendant's business interests without compensation would be unjust.

166.

Plaintiff Morales is entitled to a recover from Defendant the reasonable value of the services he provided in the furtherance of Defendant's business interest in an amount to be determined at trial.

## COUNT 20 - PROMISSORY ESTOPPEL
## AGAINST DEFENDANT LITTER CONTROL, INC.

167.

The allegations contained in Paragraphs above are incorporated by reference as if fully set out in this Paragraph.

168.

On or about 3/9/2011 Defendant promised to pay Plaintiff Jeffrey Morales in return for Plaintiff's services.

169.

Defendant should have reasonably expected that Plaintiff Morales would act in reliance of said promise, i.e., serve in the furtherance of Defendant's business interests.

170.

Defendant's promise induced Plaintiff Morales to act in reliance thereof, i.e., to serve in furtherance of Defendant's business interests, to his detriment.

171.

Plaintiff's service in furtherance of Defendant's business interests conferred a benefit on Defendant.

172.

Defendant failed to pay Plaintiff Morales in accordance with its promise.

173.

Plaintiff Morales relied on Defendant's promise.

174.

Plaintiff's reliance on Defendant's promise was reasonable.

175.

Justice can only be avoided by enforcement of Defendant's promise.

176.

Plaintiff Morales is entitled to a recover from Defendant the reasonable value of the services he provided in furtherance of Defendant's business interest, in an amount to be determined at trial.

### *Claims of Orlando Ramos*

177.

From on or about 2/20/2011 until 3/29/2011, Plaintiff Orlando Ramos was an "employee" as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

178.

From on or about 2/20/2011 until 3/29/2011 Plaintiff Orlando Ramos has been "engaged in commerce" as defined in 1) (FLSA, § 6(a), 29 U.S.C. § 206 (a) and 2) FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

## COUNT 21 — FAILURE TO PAY MINIMUM WAGE
## AGAINST ALL DEFENDANTS

179.

The allegations in all previous paragraphs above are incorporated by reference as if fully set out in this paragraph.

180.

At all times material hereto, Orlando Ramos has been an employee covered by the FLSA and entitled to the minimum wage protections set forth in FLSA § 6(a), 29 U.S.C. § 206(a).

181.

From on or about 2/20/2011 until 3/29/2011, Defendants failed to compensate Plaintiff at an hourly rate above or equal to the minimum wage as established in accordance with the FLSA.

182.

From on or about 2/20/2011 until 3/29/2011, Defendants willfully failed to compensate Plaintiff Ramos at an hourly rate above or equal to the minimum wage as established in accordance with the FLSA.

183.

Plaintiff Ramos is entitled to payment of minimum wages in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

184.

As a result of the underpayment of minimum wages as alleged above, Plaintiff Ramos is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

185.

As a result of the underpayment of minimum wages, Plaintiff Ramos is entitled to his litigation costs, including his reasonable attorney's fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

## COUNT 22 — FAILURE TO PAY OVERTIME
## AGAINST ALL DEFENDANTS

186.

The allegations in all previous paragraphs above are incorporated by reference as if fully set out in this paragraph.

187.

At all times material hereto, Orlando Ramos has been an employee covered by the FLSA and entitled to the overtime protections set forth in FLSA § 7(a), 29 U.S.C. § 207(a).

188.

During his employment with Defendants, Orlando Ramos regularly worked in excess of forty (40) hours each week.

189.

Defendants failed to pay Orlando Ramos at one and one half times his regular rate for work in excess of forty (40) hours in any week from 2/20/2011 until 3/29/2011.

190.

Defendants have willfully failed to pay Orlando Ramos at one and one half times his regular rate for work in excess of forty (40) hours in any week from 2/20/2011 until 3/29/2011.

191.

Plaintiff Ramos is entitled to payment of overtime in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

192.

As a result of the underpayment of overtime compensation as alleged above, Plaintiff Ramos is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

193.

As a result of the underpayment of overtime compensation as alleged above, Plaintiff Ramos is entitled to his litigation costs, including his reasonable attorney's fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

## COUNT 23 – BREACH OF CONTRACT
## AGAINST DEFENDANT LITTER CONTROL, INC.

194.

The allegations contained in Paragraphs above are incorporated by reference as if fully set out in this Paragraph.

195.

Orlando Ramos and Defendant Litter Control, Inc. were parties to a contract of employment (hereafter "the Contract") from on or about 2/20/2011 until 3/29/2011.

196.

The Contract provided that Defendant would pay Plaintiff Ramos for work that was performed by Plaintiff on behalf of and for the benefit of Defendant.

197.

Defendant's failure to pay Plaintiff Ramos for work performed from on or about 2/20/2011 until 3/29/2011 constitutes a material breach of the Contract.

198.

As the direct and foreseeable result of this breach, Plaintiff Ramos has sustained and continues to sustain damages in an amount to be proved at trial including attorney's fees and costs under O.C.G.A. § 13-6-11 in that Defendant has acted with bad faith and has been stubbornly litigious by forcing Plaintiff to bring this claim for wages that are, without doubt, due and owing.

**COUNT 24 – QUANTUM MERUIT**
**AGAINST DEFENDANT LITTER CONTROL, INC.**

199.

The allegations contained in Paragraphs above are incorporated by reference as if fully set out in this Paragraph.

200.

From on or about 2/20/2011 until 3/29/2011, Plaintiff Orlando Ramos served as a laborer in furtherance of Defendant's business interests.

201.

Plaintiff's service as a laborer in furtherance of Defendant's business interests was valuable to Defendant.

202.

Plaintiff Ramos expected to be compensated at the time he provided his services to Defendant.

203.

Defendant requested Plaintiff's services as a laborer in furtherance of Defendant's business interests.

204.

Defendant knowingly accepted Plaintiff's services as a laborer in furtherance of Defendant's business interest.

205.

The receipt of Plaintiff's services as a laborer in the furtherance of Defendant's business interests without compensation would be unjust.

206.

Plaintiff Ramos is entitled to a recover from Defendant the reasonable value of the services he provided in the furtherance of Defendant's business interest in an amount to be determined at trial.

## COUNT 25 - PROMISSORY ESTOPPEL
## AGAINST DEFENDANT LITTER CONTROL, INC.

207.

The allegations contained in Paragraphs above are incorporated by reference as if fully set out in this Paragraph.

208.

On or about 2/20/2011 Defendant promised to pay Plaintiff Orlando Ramos in return for Plaintiff's services.

209.

Defendant should have reasonably expected that Plaintiff Ramos would act in reliance of said promise, i.e., serve in the furtherance of Defendant's business interests.

210.

Defendant's promise induced Plaintiff Ramos to act in reliance thereof, i.e., to serve in furtherance of Defendant's business interests, to his detriment.

211.

Plaintiff's service in furtherance of Defendant's business interests conferred a benefit on Defendant.

212.

Defendant failed to pay Plaintiff Ramos in accordance with its promise.

213.

Plaintiff Ramos relied on Defendant's promise.

214.

Plaintiff's reliance on Defendant's promise was reasonable.

215.

Justice can only be avoided by enforcement of Defendant's promise.

216.

Plaintiff Ramos is entitled to a recover from Defendant the reasonable value of the services he provided in furtherance of Defendant's business interest, in an amount to be determined at trial.

### *Claims of Gabriel Rossi*

217.

From on or about 2/28/2011 until 3/29/2011, Plaintiff Gabriel Rossi was an "employee" as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

218.

From on or about 2/28/2011 until 3/29/2011 Plaintiff Gabriel Rossi has been "engaged in commerce" as defined in 1) (FLSA, § 6(a), 29 U.S.C. § 206 (a) and 2) FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

### COUNT 26 — FAILURE TO PAY MINIMUM WAGE AGAINST ALL DEFENDANTS

219.

The allegations in all previous paragraphs above are incorporated by reference as if fully set out in this paragraph.

220.

At all times material hereto, Gabriel Rossi has been an employee covered by the FLSA and entitled to the minimum wage protections set forth in FLSA § 6(a), 29 U.S.C. § 206(a).

221.

From on or about 2/28/2011 until 3/29/2011, Defendants failed to compensate Plaintiff at an hourly rate above or equal to the minimum wage as established in accordance with the FLSA.

222.

From on or about 2/28/2011 until 3/29/2011, Defendants willfully failed to compensate Plaintiff Rossi at an hourly rate above or equal to the minimum wage as established in accordance with the FLSA.

223.

Plaintiff Rossi is entitled to payment of minimum wages in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

224.

As a result of the underpayment of minimum wages as alleged above, Plaintiff Rossi is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

225.

As a result of the underpayment of minimum wages, Plaintiff Rossi is entitled to his litigation costs, including his reasonable attorney's fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

## COUNT 27 — FAILURE TO PAY OVERTIME
## AGAINST ALL DEFENDANTS

226.

The allegations in all previous paragraphs above are incorporated by reference as if fully set out in this paragraph.

227.

At all times material hereto, Gabriel Rossi has been an employee covered by the FLSA and entitled to the overtime protections set forth in FLSA § 7(a), 29 U.S.C. § 207(a).

228.

During his employment with Defendants, Gabriel Rossi regularly worked in excess of forty (40) hours each week.

229.

Defendants failed to pay Gabriel Rossi at one and one half times his regular rate for work in excess of forty (40) hours in any week from 2/28/2011 until 3/29/2011.

230.

Defendants have willfully failed to pay Gabriel Rossi at one and one half times his regular rate for work in excess of forty (40) hours in any week from 2/28/2011 until 3/29/2011.

231.

Plaintiff Rossi is entitled to payment of overtime in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

232.

As a result of the underpayment of overtime compensation as alleged above, Plaintiff Rossi is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

233.

As a result of the underpayment of overtime compensation as alleged above, Plaintiff Rossi is entitled to his litigation costs, including his reasonable attorney's fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

**COUNT 28 – BREACH OF CONTRACT
AGAINST DEFENDANT LITTER CONTROL, INC.**

234.

The allegations contained in Paragraphs above are incorporated by reference as if fully set out in this Paragraph.

235.

Gabriel Rossi and Defendant Litter Control, Inc. were parties to a contract of employment (hereafter "the Contract") from on or about 2/28/2011 until 3/29/2011.

236.

The Contract provided that Defendant would pay Plaintiff Rossi for work that was performed by Plaintiff on behalf of and for the benefit of Defendant.

237.

Defendant's failure to pay Plaintiff Rossi for work performed from on or about 2/28/2011 until 3/29/2011 constitutes a material breach of the Contract.

238.

As the direct and foreseeable result of this breach, Plaintiff Rossi has sustained and continues to sustain damages in an amount to be proved at trial including attorney's fees and costs under O.C.G.A. § 13-6-11 in that Defendant has acted with bad faith and has been stubbornly litigious by forcing Plaintiff to bring this claim for wages that are, without doubt, due and owing.

**COUNT 29 – QUANTUM MERUIT**
**AGAINST DEFENDANT LITTER CONTROL, INC.**

239.

The allegations contained in Paragraphs above are incorporated by reference as if fully set out in this Paragraph.

240.

From on or about 2/28/2011 until 3/29/2011, Plaintiff Gabriel Rossi served as a laborer in furtherance of Defendant's business interests.

241.

Plaintiff's service as a laborer in furtherance of Defendant's business interests was valuable to Defendant.

242.

Plaintiff Rossi expected to be compensated at the time he provided his services to Defendant.

243.

Defendant requested Plaintiff's services as a laborer in furtherance of Defendant's business interests.

244.

Defendant knowingly accepted Plaintiff's services as a laborer in furtherance of Defendant's business interest.

245.

The receipt of Plaintiff's services as a laborer in the furtherance of Defendant's business interests without compensation would be unjust.

246.

Plaintiff Rossi is entitled to a recover from Defendant the reasonable value of the services he provided in the furtherance of Defendant's business interest in an amount to be determined at trial.

**COUNT 30 - PROMISSORY ESTOPPEL**
**AGAINST DEFENDANT LITTER CONTROL, INC.**

247.

The allegations contained in Paragraphs above are incorporated by reference as if fully set out in this Paragraph.

248.

On or about 2/28/2011 Defendant promised to pay Plaintiff Gabriel Rossi in return for Plaintiff's services.

249.

Defendant should have reasonably expected that Plaintiff Rossi would act in reliance of said promise, i.e., serve in the furtherance of Defendant's business interests.

250.

Defendant's promise induced Plaintiff Rossi to act in reliance thereof, i.e., to serve in furtherance of Defendant's business interests, to his detriment.

251.

Plaintiff's service in furtherance of Defendant's business interests conferred a benefit on Defendant.

252.

Defendant failed to pay Plaintiff Rossi in accordance with its promise.

253.

Plaintiff Rossi relied on Defendant's promise.

254.

Plaintiff's reliance on Defendant's promise was reasonable.

255.

Justice can only be avoided by enforcement of Defendant's promise.

256.

Plaintiff Rossi is entitled to a recover from Defendant the reasonable value of the services he provided in furtherance of Defendant's business interest, in an amount to be determined at trial.

### *Claims of Juan Uribe*

257.

From on or about 2/10/2011 until 3/23/2011, Plaintiff Juan Uribe was an "employee" as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

258.

From on or about 2/10/2011 until 3/23/2011 Plaintiff Juan Uribe has been "engaged in commerce" as defined in 1) (FLSA, § 6(a), 29 U.S.C. § 206 (a) and 2) FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

## COUNT 31 — FAILURE TO PAY MINIMUM WAGE AGAINST ALL DEFENDANTS

259.

The allegations in all previous paragraphs above are incorporated by reference as if fully set out in this paragraph.

260.

At all times material hereto, Juan Uribe has been an employee covered by the FLSA and entitled to the minimum wage protections set forth in FLSA § 6(a), 29 U.S.C. § 206(a).

261.

From on or about 2/10/2011 until 3/23/2011, Defendants failed to compensate Plaintiff at an hourly rate above or equal to the minimum wage as established in accordance with the FLSA.

262.

From on or about 2/10/2011 until 3/23/2011, Defendants willfully failed to compensate Plaintiff Uribe at an hourly rate above or equal to the minimum wage as established in accordance with the FLSA.

263.

Plaintiff Uribe is entitled to payment of minimum wages in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

264.

As a result of the underpayment of minimum wages as alleged above, Plaintiff Uribe is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

265.

As a result of the underpayment of minimum wages, Plaintiff Uribe is entitled to his litigation costs, including his reasonable attorney's fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

## COUNT 32 — FAILURE TO PAY OVERTIME
## AGAINST ALL DEFENDANTS

266.

The allegations in all previous paragraphs above are incorporated by reference as if fully set out in this paragraph.

267.

At all times material hereto, Juan Uribe has been an employee covered by the FLSA and entitled to the overtime protections set forth in FLSA § 7(a), 29 U.S.C. § 207(a).

268.

During his employment with Defendants, Juan Uribe regularly worked in excess of forty (40) hours each week.

269.

Defendants failed to pay Juan Uribe at one and one half times his regular rate for work in excess of forty (40) hours in any week from 2/10/2011 until 3/23/2011.

270.

Defendants have willfully failed to pay Juan Uribe at one and one half times his regular rate for work in excess of forty (40) hours in any week from 2/10/2011 until 3/23/2011.

271.

Plaintiff Uribe is entitled to payment of overtime in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

272.

As a result of the underpayment of overtime compensation as alleged above, Plaintiff Uribe is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

273.

As a result of the underpayment of overtime compensation as alleged above, Plaintiff Uribe is entitled to his litigation costs, including his reasonable attorney's fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

## COUNT 33 – BREACH OF CONTRACT
## AGAINST DEFENDANT LITTER CONTROL, INC.

274.

The allegations contained in Paragraphs above are incorporated by reference as if fully set out in this Paragraph.

275.

Juan Uribe and Defendant Litter Control, Inc. were parties to a contract of employment (hereafter "the Contract") from on or about 2/10/2011 until 3/23/2011.

276.

The Contract provided that Defendant would pay Plaintiff Uribe for work that was performed by Plaintiff on behalf of and for the benefit of Defendant.

277.

Defendant's failure to pay Plaintiff Uribe for work performed from on or about 2/10/2011 until 3/23/2011 constitutes a material breach of the Contract.

278.

As the direct and foreseeable result of this breach, Plaintiff Uribe has sustained and continues to sustain damages in an amount to be proved at trial including attorney's fees and costs under O.C.G.A. § 13-6-11 in that Defendant has acted with bad faith and has been stubbornly litigious by forcing Plaintiff to bring this claim for wages that are, without doubt, due and owing.

**COUNT 34 – QUANTUM MERUIT
AGAINST DEFENDANT LITTER CONTROL, INC.**

279.

The allegations contained in Paragraphs above are incorporated by reference as if fully set out in this Paragraph.

280.

From on or about 2/10/2011 until 3/23/2011, Plaintiff Juan Uribe served as a laborer in furtherance of Defendant's business interests.

281.

Plaintiff's service as a laborer in furtherance of Defendant's business interests was valuable to Defendant.

282.

Plaintiff Uribe expected to be compensated at the time he provided his services to Defendant.

283.

Defendant requested Plaintiff's services as a laborer in furtherance of Defendant's business interests.

284.

Defendant knowingly accepted Plaintiff's services as a laborer in furtherance of Defendant's business interest.

285.

The receipt of Plaintiff's services as a laborer in the furtherance of Defendant's business interests without compensation would be unjust.

286.

Plaintiff Uribe is entitled to a recover from Defendant the reasonable value of the services he provided in the furtherance of Defendant's business interest in an amount to be determined at trial.

## COUNT 35 - PROMISSORY ESTOPPEL
## AGAINST DEFENDANT LITTER CONTROL, INC.

287.

The allegations contained in Paragraphs above are incorporated by reference as if fully set out in this Paragraph.

288.

On or about 2/10/2011 Defendant promised to pay Plaintiff Juan Uribe in return for Plaintiff's services.

289.

Defendant should have reasonably expected that Plaintiff Uribe would act in reliance of said promise, i.e., serve in the furtherance of Defendant's business interests.

290.

Defendant's promise induced Plaintiff Uribe to act in reliance thereof, i.e., to serve in furtherance of Defendant's business interests, to his detriment.

291.

Plaintiff's service in furtherance of Defendant's business interests conferred a benefit on Defendant.

292.

Defendant failed to pay Plaintiff Uribe in accordance with its promise.

293.

Plaintiff Uribe relied on Defendant's promise.

294.

Plaintiff's reliance on Defendant's promise was reasonable.

295.

Justice can only be avoided by enforcement of Defendant's promise.

296.

Plaintiff Uribe is entitled to a recover from Defendant the reasonable value of the services he provided in furtherance of Defendant's business interest, in an amount to be determined at trial.

### Claims of Dominic Williams

297.

From on or about 3/2/2011 until 3/23/2011, Plaintiff Dominic Williams was an "employee" as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

298.

From on or about 3/2/2011 until 3/23/2011 Plaintiff Dominic Williams has been "engaged in commerce" as defined in 1) (FLSA, § 6(a), 29 U.S.C. § 206 (a) and 2) FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

## COUNT 36 — FAILURE TO PAY MINIMUM WAGE
## AGAINST ALL DEFENDANTS

299.

The allegations in all previous paragraphs above are incorporated by reference as if fully set out in this paragraph.

300.

At all times material hereto, Dominic Williams has been an employee covered by the FLSA and entitled to the minimum wage protections set forth in FLSA § 6(a), 29 U.S.C. § 206(a).

301.

From on or about 3/2/2011 until 3/23/2011, Defendants failed to compensate Plaintiff at an hourly rate above or equal to the minimum wage as established in accordance with the FLSA.

302.

From on or about 3/2/2011 until 3/23/2011, Defendants willfully failed to compensate Plaintiff Williams at an hourly rate above or equal to the minimum wage as established in accordance with the FLSA.

303.

Plaintiff Williams is entitled to payment of minimum wages in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

304.

As a result of the underpayment of minimum wages as alleged above, Plaintiff Williams is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

305.

As a result of the underpayment of minimum wages, Plaintiff Williams is entitled to his litigation costs, including his reasonable attorney's fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

## COUNT 37 — FAILURE TO PAY OVERTIME
## AGAINST ALL DEFENDANTS

306.

The allegations in all previous paragraphs above are incorporated by reference as if fully set out in this paragraph.

307.

At all times material hereto, Dominic Williams has been an employee covered by the FLSA and entitled to the overtime protections set forth in FLSA § 7(a), 29 U.S.C. § 207(a).

308.

During his employment with Defendants, Dominic Williams regularly worked in excess of forty (40) hours each week.

309.

Defendants failed to pay Dominic Williams at one and one half times his regular rate for work in excess of forty (40) hours in any week from 3/2/2011 until 3/23/2011.

310.

Defendants have willfully failed to pay Dominic Williams at one and one half times his regular rate for work in excess of forty (40) hours in any week from 3/2/2011 until 3/23/2011.

311.

Plaintiff Williams is entitled to payment of overtime in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

312.

As a result of the underpayment of overtime compensation as alleged above, Plaintiff Williams is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

313.

As a result of the underpayment of overtime compensation as alleged above, Plaintiff Williams is entitled to his litigation costs, including his reasonable attorney's fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

## COUNT 38 – BREACH OF CONTRACT
## AGAINST DEFENDANT LITTER CONTROL, INC.

314.

The allegations contained in Paragraphs above are incorporated by reference as if fully set out in this Paragraph.

315.

Dominic Williams and Defendant Litter Control, Inc. were parties to a contract of employment (hereafter "the Contract") from on or about 3/2/2011 until 3/23/2011.

316.

The Contract provided that Defendant would pay Plaintiff Williams for work that was performed by Plaintiff on behalf of and for the benefit of Defendant.

317.

Defendant's failure to pay Plaintiff Williams for work performed from on or about 3/2/2011 until 3/23/2011 constitutes a material breach of the Contract.

318.

As the direct and foreseeable result of this breach, Plaintiff Williams has sustained and continues to sustain damages in an amount to be proved at trial including attorney's fees and costs under O.C.G.A. § 13-6-11 in that Defendant has acted with bad faith and has been stubbornly litigious by forcing Plaintiff to bring this claim for wages that are, without doubt, due and owing.

## COUNT 39 – QUANTUM MERUIT
## AGAINST DEFENDANT LITTER CONTROL, INC.

319.

The allegations contained in Paragraphs above are incorporated by reference as if fully set out in this Paragraph.

320.

From on or about 3/2/2011 until 3/23/2011, Plaintiff Dominic Williams served as a laborer in furtherance of Defendant's business interests.

321.

Plaintiff's service as a laborer in furtherance of Defendant's business interests was valuable to Defendant.

322.

Plaintiff Williams expected to be compensated at the time he provided his services to Defendant.

323.

Defendant requested Plaintiff's services as a laborer in furtherance of Defendant's business interests.

324.

Defendant knowingly accepted Plaintiff's services as a laborer in furtherance of Defendant's business interest.

325.

The receipt of Plaintiff's services as a laborer in the furtherance of Defendant's business interests without compensation would be unjust.

326.

Plaintiff Williams is entitled to a recover from Defendant the reasonable value of the services he provided in the furtherance of Defendant's business interest in an amount to be determined at trial.

## COUNT 40 - PROMISSORY ESTOPPEL
## AGAINST DEFENDANT LITTER CONTROL, INC.

327.

The allegations contained in Paragraphs above are incorporated by reference as if fully set out in this Paragraph.

328.

On or about 3/2/2011 Defendant promised to pay Plaintiff Dominic Williams in return for Plaintiff's services.

329.

Defendant should have reasonably expected that Plaintiff Williams would act in reliance of said promise, i.e., serve in the furtherance of Defendant's business interests.

330.

Defendant's promise induced Plaintiff Williams to act in reliance thereof, i.e., to serve in furtherance of Defendant's business interests, to his detriment.

331.

Plaintiff's service in furtherance of Defendant's business interests conferred a benefit on Defendant.

332.

Defendant failed to pay Plaintiff Williams in accordance with its promise.

333.

Plaintiff Williams relied on Defendant's promise.

334.

Plaintiff's reliance on Defendant's promise was reasonable.

335.

Justice can only be avoided by enforcement of Defendant's promise.

336.

Plaintiff Williams is entitled to a recover from Defendant the reasonable value of the services he provided in furtherance of Defendant's business interest, in an amount to be determined at trial.

*Claims of Reginald Williams*

337.

From on or about 3/2/2011 until 3/23/2011, Plaintiff Reginald Williams was an "employee" as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

338.

From on or about 3/2/2011 until 3/23/2011 Plaintiff Reginald Williams has been "engaged in commerce" as defined in 1) (FLSA, § 6(a), 29 U.S.C. § 206 (a) and 2) FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

## COUNT 41 — FAILURE TO PAY MINIMUM WAGE
## AGAINST ALL DEFENDANTS

339.

The allegations in all previous paragraphs above are incorporated by reference as if fully set out in this paragraph.

340.

At all times material hereto, Reginald Williams has been an employee covered by the FLSA and entitled to the minimum wage protections set forth in FLSA § 6(a), 29 U.S.C. § 206(a).

341.

From on or about 3/2/2011 until 3/23/2011, Defendants failed to compensate Plaintiff at an hourly rate above or equal to the minimum wage as established in accordance with the FLSA.

342.

From on or about 3/2/2011 until 3/23/2011, Defendants willfully failed to compensate Plaintiff Williams at an hourly rate above or equal to the minimum wage as established in accordance with the FLSA.

343.

Plaintiff Williams is entitled to payment of minimum wages in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

344.

As a result of the underpayment of minimum wages as alleged above, Plaintiff Williams is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

345.

As a result of the underpayment of minimum wages, Plaintiff Williams is entitled to his litigation costs, including his reasonable attorney's fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

## COUNT 42 — FAILURE TO PAY OVERTIME
## AGAINST ALL DEFENDANTS

346.

The allegations in all previous paragraphs above are incorporated by reference as if fully set out in this paragraph.

347.

At all times material hereto, Reginald Williams has been an employee covered by the FLSA and entitled to the overtime protections set forth in FLSA § 7(a), 29 U.S.C. § 207(a).

348.

During his employment with Defendants, Reginald Williams regularly worked in excess of forty (40) hours each week.

349.

Defendants failed to pay Reginald Williams at one and one half times his regular rate for work in excess of forty (40) hours in any week from 3/2/2011 until 3/23/2011.

350.

Defendants have willfully failed to pay Reginald Williams at one and one half times his regular rate for work in excess of forty (40) hours in any week from 3/2/2011 until 3/23/2011.

351.

Plaintiff Williams is entitled to payment of overtime in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

352.

As a result of the underpayment of overtime compensation as alleged above, Plaintiff Williams is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

353.

As a result of the underpayment of overtime compensation as alleged above, Plaintiff Williams is entitled to his litigation costs, including his reasonable attorney's fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

## COUNT 43 – BREACH OF CONTRACT
## AGAINST DEFENDANT LITTER CONTROL, INC.

354.

The allegations contained in Paragraphs above are incorporated by reference as if fully set out in this Paragraph.

355.

Reginald Williams and Defendant Litter Control, Inc. were parties to a contract of employment (hereafter "the Contract") from on or about 3/2/2011 until 3/23/2011.

356.

The Contract provided that Defendant would pay Plaintiff Williams for work that was performed by Plaintiff on behalf of and for the benefit of Defendant.

357.

Defendant's failure to pay Plaintiff Williams for work performed from on or about 3/2/2011 until 3/23/2011 constitutes a material breach of the Contract.

358.

As the direct and foreseeable result of this breach, Plaintiff Williams has sustained and continues to sustain damages in an amount to be proved at trial including attorney's fees and costs under O.C.G.A. § 13-6-11 in that Defendant has acted with bad faith and has been stubbornly litigious by forcing Plaintiff to bring this claim for wages that are, without doubt, due and owing.

## COUNT 44 – QUANTUM MERUIT
## AGAINST DEFENDANT LITTER CONTROL, INC.

359.

The allegations contained in Paragraphs above are incorporated by reference as if fully set out in this Paragraph.

360.

From on or about 3/2/2011 until 3/23/2011, Plaintiff Reginald Williams served as a laborer in furtherance of Defendant's business interests.

361.

Plaintiff's service as a laborer in furtherance of Defendant's business interests was valuable to Defendant.

362.

Plaintiff Williams expected to be compensated at the time he provided his services to Defendant.

363.

Defendant requested Plaintiff's services as a laborer in furtherance of Defendant's business interests.

364.

Defendant knowingly accepted Plaintiff's services as a laborer in furtherance of Defendant's business interest.

365.

The receipt of Plaintiff's services as a laborer in the furtherance of Defendant's business interests without compensation would be unjust.

366.

Plaintiff Williams is entitled to a recover from Defendant the reasonable value of the services he provided in the furtherance of Defendant's business interest in an amount to be determined at trial.

**COUNT 45 - PROMISSORY ESTOPPEL**
**AGAINST DEFENDANT LITTER CONTROL, INC.**

367.

The allegations contained in Paragraphs above are incorporated by reference as if fully set out in this Paragraph.

368.

On or about 3/2/2011 Defendant promised to pay Plaintiff Reginald Williams in return for Plaintiff's services.

369.

Defendant should have reasonably expected that Plaintiff Williams would act in reliance of said promise, i.e., serve in the furtherance of Defendant's business interests.

370.

Defendant's promise induced Plaintiff Williams to act in reliance thereof, i.e., to serve in furtherance of Defendant's business interests, to his detriment.

371.

Plaintiff's service in furtherance of Defendant's business interests conferred a benefit on Defendant.

372.

Defendant failed to pay Plaintiff Williams in accordance with its promise.

373.

Plaintiff Williams relied on Defendant's promise.

374.

Plaintiff's reliance on Defendant's promise was reasonable.

375.

Justice can only be avoided by enforcement of Defendant's promise.

376.

Plaintiff Williams is entitled to a recover from Defendant the reasonable value of the services he provided in furtherance of Defendant's business interest, in an amount to be determined at trial.

WHEREFORE, Plaintiffs respectfully pray:

1. That Plaintiffs' claims be tried before a jury;

2. That Plaintiffs be awarded an amount to be determined at trial against Defendants in unpaid minimum wage due under the FLSA, plus an additional like amount in liquidated damages;

3. That Plaintiffs be awarded an amount to be determined at trial against Defendants in unpaid overtime compensation due under the FLSA, plus an additional like amount in liquidated damages;

6. That Plaintiffs have and recover judgment against Defendant Litter Control, Inc., for the pendent state claims herein asserted in amounts to be proved at trial.

7. That Plaintiffs be awarded costs of litigation, including their reasonable attorneys' fees from Defendants under the FLSA and O.C.G.A. § 13-6-11; and

8. For such other and further relief as the Court deems just and proper.

**Certificate of Compliance**:  The font type (New Century School book, 13 point) and format of this document complies with ND Georgia, LR 5.1 (B)

/s/ KEVIN D. FITZPATRICK, JR.
KEVIN D. FITZPATRICK, JR.
GA. BAR NO. 262375
3100 CENTENNIAL TOWER
101 MARIETTA STREET
ATLANTA, GEORGIA 30303
(404) 979-3171
(404) 979-3170 (f)
kevin.fitzpatrick@dcbflegal.com

COUNSEL FOR PLAINTIFFS

/s/CHARLES R. BRIDGERS
CHARLES R. BRIDGERS
GA. BAR NO. 080791
3100 CENTENNIAL TOWER
101 MARIETTA STREET
Atlanta, Georgia 30303
(404) 979-3150
(404) 979-3170 (f)
charlesbridgers@dcbflegal.com

COUNSEL FOR PLAINTIFFS